Michael Peffer (SBN: 192265)
**PACIFIC JUSTICE INSTITUTE**
2200 N. Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150
Email:  michaelpeffer@pji.org

Attorney for Plaintiff, JOSHUA HAHN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HAHN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD, and DOES 1 to 100, inclusive<br><br>Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>**(DEMAND FOR JURY TRIAL)** |

## INTRODUCTION

Plaintiff, JOSHUA HAHN, brings this action against UNION PACIFIC RAILROAD, (UNION), a privately held corporation. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.)

- 1 -

and the California Fair Employment and Housing Act, Cal. Govt. Code §12900 et
seq.

The gravamen of this Complaint is that UNION refused to hire, refused to
accommodate, otherwise discriminated against, and subsequently rescinded
PLAINTIFF's offer of employment because he asked for accommodation due to
his religious beliefs. UNION knew or should have reasonably known that Mr.
Hahn held religious beliefs because he asserted them. UNION nevertheless failed
to accommodate and rescinded an offer of employment in retaliation for seeking an
accommodation.

## JURISDICTION AND VENUE

**1.** This Court has authority over this action pursuant to 28 U.S.C. § 1331, in
federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C.
§ 2000e et seq. This court has supplemental jurisdiction over plaintiff's related
claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C.
§ 1367(a).

**2.** Venue is proper in the Central District of California under 42 U.S.C. §
2000e-5(f)(3), in that UNION maintains significant operations within the Central
District of California, and the locations of the company who's alleged unlawful
employment practices took place is within the Central District of California.
This case is appropriate for assignment to the Southern Division.

/ / /

/ / /

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## PARTIES

### PLAINTIFF

**3.**   At all times relevant herein, JOSHUA HAHN was a potential new hire employee of UNION. Mr. Hahn resided in Aliso Viejo, CA in the county of Orange, at the time of the events that gave rise to this Complaint.

### DEFENDANT

**4.**      Upon information and belief, UNION PACIFIC RAILROAD, is a publicly traded railroad holding company operating throughout the state of California, incorporated in Utah and authorized to do business in California. At the time of the events that gave rise to this Complaint, UNION offered PLAINTIFF employment as an Engineering Manager.

## STATEMENT OF FACTS

**5.**   Mr. Hahn applied for an Engineer Management position with UNION in October 2021. PLAINTIFF was interviewed for the position by Union employees on or about October 19, 2021 and November 9, 2021.  PLAINTIFF received an Offer of Employment Letter from UNION on November 15, 2021 with a start date of February 7, 2022. PLAINTIFF accepted UNION's offer of employment. PLAINTIFF successfully completed UNION's pre-employment screening, background check, and aptitude test.  On or about January 2022, after, PLAINTIFF had accepted UNION'S offer of employment, PLAINTIFF was notified of UNION's COVID-19 vaccine requirement policy. PLAINTIFF immediately

requested UNION's COVID-19 religious accommodation form, which he submitted on or about January 5, 2022.  On or about January 7, 2022, UNION informed PLAINTIFF that he was cleared to begin his employment with UNION in February. At the time of this communication by UNION, it was PLAINTIFF's understanding that UNION had approved his vaccine religious accommodation form, and he therefore ended his employment with his previous employer.

**6.**   Mr. Hahn is a follower of the Christian faith.

**7.**   Mr. Hahn believes that his body belongs to God and is a temple of the Holy Spirit.

**8.**  Mr. Hahn believes that it is against his religion to ingest or inject his body with possible harmful substances.

**9.**  Mr. Hahn's understanding is that the manufacturers of the COVID-19 vaccine use aborted fetal tissue, the lining of aborted fetal tissue, or both forms of fetal tissue. Mr. Hahn's faith strongly opposes injecting his body with the COVID-19 vaccine.

**10.** On or about February 2, 2022, PLAINTIFF received communication from UNION's human resources department stating that UNION'S vaccine policy had changed and that the COVID-19 vaccine was required for traveling engineers only, which included PLAINTIFF.  When PLAINITFF explained to UNION's Human Resources Department that he had submitted his religious exemption form on January 5, 2022, UNION invited PLAINTIFF to resubmit his religious exemption form in order to hold his employment position with UNION. PLAINTIFF immediately resubmitted his religious exemption form to UNION.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

**11.** On or about February 4, 2022, three days prior to PLAINTIFF'S start of employment with UNION, PLAINTIFF received a telephone call from UNION denying his request for religious accommodation. UNION did not specify the reason for the denial of PLAINTIFF's accommodation request. PLAINTIFF was also informed by UNION that he could choose to take the COVID-19 vaccine or be released from his offer of employment.

**12.** All government entities and contractors are under the same laws of the United States of America as all individuals and businesses of the United States. Although a government contractor or entity requires COVID-19 vaccines for all its employees and contractors, Title VII of the Civil Rights Act of 1964, § 2000(e) *et seq*, is still legally in full force and effect for all individuals.

**13.** UNION did not specify if Mr. Hahn's accommodation form was deficient or give him an opportunity to supplement his application for any perceived deficiencies. UNION also did not provide an interactive process with Mr. Hahn to discover if an accommodation or an alternative to the COVID-19 vaccine, such as PPE masking or submitting to regular COVID testing, would be available to meet Mr. Hahn's religious beliefs.

**14.** On or about February 4, 2022, PLAINTIFF requested a reason for the denial of his religious accommodation, however UNION did not respond with an explanation.

**15.** On or about February 4, 2022, after UNION denied Mr. Hahn's request for accommodation, UNION rescinded the job offer.

**16.** Mr. Hahn received a Notice of Right to Sue (NRTS) from the EEOC on

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

August 3, 2023. Mr. Hahn's EEOC NRTS serves as "Exhibit One" for the purpose of this Complaint.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**

**Failure or Refusal to Hire on the Basis of Religion Against Defendant**

**17.**  PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**18.**  Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his or her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individual's race, color, religion, sex, or national origin.

**19.** A plaintiff can make out a prima facie case under Title VII by showing (1) he held a bona fide religious belief, the practice of which conflicted with an employment duty; (2) the employer took adverse action—including the refusal to hire—because of the plaintiff's inability to fulfill the job requirement; and (3) the plaintiff's religious practice was a motivating factor in the employer's decision. Chin et al., Cal. Prac. Guide: Employment Litigation (The Rutter Group 2019) ¶

7:620; see also Abercrombie & Fitch, 575 U.S. at 775.

20.     Mr. Hahn was, at all times relevant herein, an employee and applicant covered by U.S.C. 42 § 2000e et seq.

21. Mr. Hahn held a deeply sincere religious objection to receiving the COVID-19 vaccine injection, and asked UNION to accommodate his sincerely held religious belief.

22. Mr. Hahn's request to have his religious accommodation approved was denied.

23.     UNION did not specify if Mr. Hahn's accommodation form was deficient or give him an opportunity to supplement his application for any perceived deficiencies.

24.     UNION did not attempt to and refused to accommodate Mr. Hahn with any alternative accommodations, such as PPE masking or submitting to regular COVID-19 testing.

25.     Therefore, Mr. Hahn's religious beliefs and practices were a motivating factor in his employment offer being rescinded.

26.     PLAINTIFF suffered significant damages because of UNION 'S unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

27.     UNION intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

28.     Mr. Hahn is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that UNION violated

- 7 -

his rights under Title VII, and an injunction preventing UNION from enforcing its discriminatory policies.

**29.** Mr. Hahn is entitled to further relief as set forth below in his Prayer for Relief.

## SECOND CAUSE OF ACTION

### Violation of Title VII of the Civil Rights Act of 1964 Disparate Impact on the Basis of Religion (42 U.S.C. § 2000e-2(a)(2) & (k)) Against Defendant

**30.** PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**31.** DEFENDANT excluded PLAINTIFF from the position for which he was otherwise qualified.

**32.** DEFENDANT did not list the COVID-19 vaccine requirement as a qualification, description or essential function of the position.

**33.** DEFENDANT did not communicate the COVID-19 vaccine requirement to PLAINTIFF until after he had accepted the offer of employment.

**34.** UNION 's insistence on the COVID-19 vaccine requirement without any accommodation deprives and tends to deprive PLAINTIFF and other similarly situated individuals of employment opportunities on the basis of religion in violation of Title VII's disparate-impact prohibition. 42 U.S.C. §§ 2000e-2(a)(2) & (k).

**35.** Title VII makes it illegal for an employer to "limit, segregate, or classify his employees or applicants . . . in any way which would deprive or tend to deprive any individual of employment opportunities . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(2).

- 8 -

**36.** Furthermore, the statute provides that an unlawful employment practice based on disparate impact is established when either an employee shows that an employment policy causes such a disparate impact and the employer fails to show "that the challenged practice is job related . . . and consistent with business necessity," or the employee shows there is an alternative way to serve the stated needs but the employer refuses it. 42 U.S.C. § 2000e-2(k)(1)(A).

**37.** Even if facially neutral, UNION 's categorical requirement that all traveling engineer employees are vaccinated without any accommodations causes a disparate impact on PLAINTIFF (and any similarly situated religious individual who shares his religious beliefs) by forcing him to abandon his religious objections or forgo employment with UNION.

**38.** Furthermore, UNION 's position on the vaccines is neither required for the job in question nor consistent with business necessity. Moreover, UNION refused the less-restrictive but feasible options of allowing PLAINTIFF to undergo regular testing or wearing PPE preserving his religious conscience.

**39.** PLAINTIFF suffered significant damages because of UNION 's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**40.** PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that UNION violated his rights under Title VII, and an injunction preventing UNION from enforcing its discriminatory policies.

**41.** PLAINTIFF is entitled to further relief as set forth below in his Prayer for

Relief.

## **THIRD CAUSE OF ACTION**

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Failure to Provide Religious Accommodations Against Defendant**

**42.**        PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**43.**  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

**44.**  PLAINTIFF suffered significant damages because of UNION 's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**45.**  UNION intentionally violated Mr. Hahn's rights under Title VII with malice or reckless indifference.

**46.**        PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that UNION violated his rights under Title VII, and an injunction preventing UNION from enforcing its discriminatory policies.

**47.**  PLAINTIFF is entitled to further relief as set forth below in his Prayer for Relief.

/ / /

/ / /

/ / /

# FOURTH CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (FEHA) (Cal. Govt. Code § 12900 et seq.)—Discrimination and Retaliation on the Basis of Religious Creed Against Defendant**

**48.**     PLAINTIFF hereby incorporates a realleges the preceding paragraphs as though fully set forth herein.

**49.**     Under FEHA, it is further an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of employee's religious creed.

**50.**     PLAINTIFF was at all times relevant herein an employee for purposes of FEHA.

**51.**     PLAINTIFF was at all times relevant herein a member of a protected religious class.

**52.**     FEHA broadly defines religious creed to include all aspects of observance and practice.

**53.**     DEFENDANT intentionally discriminated against PLAINTIFF by making an adverse employment decision against him by rescinding his offer of employment after PLAINTIFF's acceptance of such offer.

**54.**     DEFENDANT demonstrated discriminatory animus toward PLAINTIFF by rescinding the offer of employment and showing callous indifference toward his sincere religious beliefs. DEFENDANT subsequently rescinded PLAINTIFF's offer of employment without providing any alternative after PLAINTIFF'S request for religious accommodation was denied. DEFENDANT terminated PLAINTIFF'S employment because of his religious

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

creed. DEFENDANT discriminated against the PLAINTIFF based on his religious beliefs.

**55.**     Mr. Hahn suffered damages because of Defendant's unlawful discriminatory actions, including the emotional distress, past and future loss of wages and benefits, and the cost of bringing this action.

**56.**     DEFENDANT intentionally violated Mr. Hahn's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

**57.**     PLAINTIFF is entitled to such other and further relief as more fully set forth below in his Prayer for Relief.

## **FIFTH CAUSE OF ACTION**

**Violation of the California Fair Employment and Housing Act (FEHA)(Cal. Govt. Code § 12900 et seq.)—Refusal to Hire on the Basis of Religious Creed Against Defendant**

**58.**     PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**59.**     Under the California Fair Employment and Housing Act (FEHA), it is an unlawful employment practice for an employer to refuse to hire or employ an applicant because of the applicant's religious creed.

**60.**     Under FEHA, it is further an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions or privileges of employment, because of the employee's religious creed.

**61.**     Mr. Hahn was at all times relevant herein both an employee and an

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

applicant for purposes of FEHA.

**62.**    DEFENDANT was at all times relevant herein employers for purposes of FEHA.

**63.**    PLAINTIFF was at all times relevant herein a member of a protected religious class.

**64.**    FEHA broadly defines religious creed to include all aspects of observance and practice.

**65.**    DEFENDANT intentionally discriminated against Mr. Hahn by making an adverse employment decision against him-failure to hire him for a position for which he was qualified.

**66.**    DEFENDANT demonstrated discriminatory animus toward PLAINTIFF by completely foreclosing an employment opportunity to him and showing callous indifference toward his conflict of conscience.

**67.**    Mr. Hahn suffered damages because of Defendant's unlawful discriminatory actions, including the emotional distress, past and future loss of wages and benefits, and the cost of bringing this action.

**68.**    DEFENDANT intentionally violated Mr. Hahn's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

**69.**    PLAINTIFF is entitled to such other and further relief as more fully

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

set forth below in his Prayer for Relief.

## SIXTH CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (FEHA)(Cal. Govt. Code § 12900 et seq.)—Failure to Provide Religious Accommodation Against Defendant**

**70.**      PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**71.**      Under FEHA, it is an unlawful employment practice for an employer to refuse to hire or employ a person because of a conflict between the person's religious belief or observance and any employment requirement, unless the employer demonstrates that it has explored any available reasonable means of accommodating the religious belief or observance, including the possibilities of excusing the person from those duties that conflict with their belief and observance, or permitting those duties to be performed at another time or by another person. Plaintiff was a person, employee of and applicant to DEFENDANT within the meaning of FEHA.

**72.**      PLAINTIFF was a person, employee of and applicant to DEFENDANT within the meaning of FEHA.

**73.**      DEFENDANT was at all times relevant herein employer for purposes of FEHA.

**74.**      PLAINTIFF  was selected for interviews and offered employment

- 14 -

because he was qualified for the position.

**75.**     The position for which PLAINTIFF applied did not mention a

COVID-19 vaccination requirement.

**76.**     Mr. Hahn held a deeply sincere religious objection to receiving the

COVID-19 vaccine injection, and asked UNION to accommodate his sincerely

held religious belief.

**77.**     Mr. Hahn's request to have his religious accommodation approved

was denied.

**78.**     UNION did not specify if Mr. Hahn's accommodation form was

deficient or give him an opportunity to supplement his application for any

perceived deficiencies.

**79.**     UNION did not attempt to and refused to accommodate Mr. Hahn

with any alternative accommodations, such as PPE masking or submitting to

regular COVID-19 testing.

**80.**     Therefore, Mr. Hahn's religious beliefs and practices were a

motivating factor in his offer of employment being rescinded.

**81.**     Mr. Hahn suffered damages because of DEFENDANT's unlawful

discriminatory actions, including the emotional distress, past and future loss of

wages and benefits, and the cost of bringing this action.

**82.**     DEFENDANT intentionally violated Mr. Hahn's rights under

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

**83.**      PLAINTIFF is entitled to such other and further relief as more fully set forth below in his Prayer for Relief.

**<u>SEVENTH CAUSE OF ACTION</u>**

**Violation of the California Fair Employment and Housing Act (FEHA)(Cal. Govt. Code Sec. 12900 et seq.) – Disparate Impact on the Basis of Religion**

**84.**      PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**85.**      PLAINTIFF is a member of a distinctive religious group.

**86.**      PLAINTIFF was a person, employee of and applicant to Defendant within the meaning of FEHA.

**87.**      DEFENDANT was at all times relevant herein employer for purposes of FEHA.

**88.**      DEFENDANT has a practice or policy to not hire applicants who held religious objections to taking the COVID-19 vaccine.

**89.**      This policy or practice disproportionately and adversely impacted members of a protected class, including PLAINTIFF, due to their religious beliefs and practice.

**90.**      Even if facially neutral, UNION 's categorical requirement that all

- 16 -

traveling engineer employees are vaccinated without any accommodations causes a disparate impact on PLAINTIFF (and any similarly situated religious individual who shares his religious beliefs) by forcing him to abandon his religious objections or forgo employment with UNION.

**91.** Furthermore, UNION 's position on the vaccines is neither required for the job in question nor consistent with business necessity. Moreover, UNION refused the less-restrictive but feasible options of allowing PLAINTIFF to undergo regular testing or wearing PPE preserving his religious conscience.

**92.** PLAINTIFF suffered significant damages because of UNION 's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**93.** PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that UNION violated his rights under Title VII, and an injunction preventing UNION from enforcing its discriminatory policies.

**94.** PLAINTIFF is entitled to further relief as set forth below in his Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays this Court grant relief as follows:

A. Award PLAINTIFF backpay, including past loss of wages and benefits, plus interest;

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

B.    Award PLAINTIFF his front pay, including future wages and benefits;

C.    Award PLAINTIFF other and further compensatory damages in an amount according to proof;

D.    Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

E.    Award PLAINTIFF his reasonable attorney's fees and costs of suit;

F.    Award PLAINTIFF punitive damages.

G.    Enjoin UNION from enforcing its discriminatory policies;

H.    Declare that UNION has violated Title VII of the Civil Rights Act; and

I.    Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.


DATED: 10/31/2023                    **PACIFIC JUSTICE INSTITUTE**


                                     _/s/ Michael J. Peffer_
                                     MICHAEL PEFFER, ESQ.,
                                     Attorney for Plaintiff,
                                     JOSHUA HAHN

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## **DEMAND FOR JURY TRIAL**

PLAINTIFF, JOSHUA HAHN hereby demands a jury trial in this matter.

DATED:   10/31/2023                    **PACIFIC JUSTICE INSTITUTE**


/s/ Michael J. Peffer
MICHAEL PEFFER, ESQ.,
Attorney for Plaintiff,
JOSHUA HAHN

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## **VERIFICATION**

I, JOSHUA HAHN, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 31st day of October 2023, in the County of Orange, State of California.

JOSHUA HAHN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT ONE (1)

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

### DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/03/2023

**To:** Joshua C. Hahn
51 Tortuga Cay
ALISO VIEJO, CA 92656
Charge No: 563-2022-01174

EEOC Representative and email:     YVONNE LOZANO
Senior Federal Investigator
yvonne.lozano@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
08/03/2023

Christine Park-Gonzalez
District Director

**Cc:**
Molly Wallace
UNION PACIFIC RAILROAD
1400 Douglas Street Stop 310
Omaha, NE 68179


Please retain this notice for your records.